IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 20, 2005

## LARRY DOTSON v. STATE OF TENNESSEE, RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3619      Steve Dozier, Judge**

_____

**No. M2005-00436-CCA-R3-HC - Filed January 31, 2006**

_____

The petitioner, Larry Dotson, appeals from the lower court's summary dismissal of his *pro se* petition for writ of habeas corpus. Following our review of the parties' briefs and applicable law, we reverse the court's dismissal of the petition and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined and JOHN EVERETT WILLIAMS, J., filed a dissenting opinion.

Larry Dotson, Nashville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Procedural Background**

This case represents an appeal from the habeas corpus court's dismissal of the petitioner's *pro se* petition for writ of habeas corpus. In December of 2001, the petitioner pled guilty to one count of aggravated assault and two counts of attempted first degree murder. He was sentenced to three years for his aggravated assault conviction and twenty years for each of his attempted first degree murder convictions. His sentences were ordered to run concurrently, resulting in a total effective sentence of twenty years.

In January 2005, the petitioner filed a *pro se* petition for writ of habeas corpus. In his petition, he alleged that he was on bail from the aggravated assault charge at the time he committed

the two offenses of attempted first degree murder. Therefore, he argued that his concurrent sentences were illegal and void because they were in contravention to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which mandates consecutive sentencing under such circumstances. In support of his allegations, the petitioner stated in his petition that his prisoner offender sheet (Exhibit A), the judgment form (Exhibit B), and warrant (Exhibit E) all indicate that he was charged with aggravated assault on August 3, 1999. While he acknowledged that his bail receipt (Exhibit D) indicates bail for "assault" on August 11, 1999, he contended that this was an error made by the bail bondsman. The petitioner also pointed out that the judgment forms indicate he was charged with the offenses of attempted first degree murder on December 30, 2000.

> In a written order dated January 12, 2005, the habeas corpus court denied relief, stating: [T]his Court is unable to make the determination that the [petitioner] was out on some sort of release from the Aggravated Assault charge when the new offenses occurred because the Court does not have the documentation necessary to make this determination. The petitioner submitted a document indicating that he had made bond on an *assault* charge but there is no proof that this charge is the same aggravated assault which the petitioner was subsequently convicted of. Therefore, the petitioner's petition is respectfully denied.

In the instant appeal, the petitioner argues that he is entitled to habeas corpus relief because his sentences contravene Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). In addition, the petitioner argues for the first time that he is entitled to habeas corpus relief because his sentences, imposed under the Tennessee Sentencing Reform Act of 1989, were unconstitutionally enhanced in violation of his right to a jury trial as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

## II. Analysis

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d

319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

We begin our review by addressing the petitioner's claim that his sentences were improperly enhanced in violation of his right to a jury trial as discussed in *Blakely v. Washington*. First, we note that this issue has been waived because the petitioner failed to present it in his habeas corpus petition and may not raise it for the first time on appeal. Second, we have previously held that even if the petitioner's claim that his sentence was enhanced in violation of his right to a jury trial was proven, such a defect would render the judgment voidable and not void. *See e.g.*, *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner*, No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, April 12, 2005); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). A defect which renders a judgment merely voidable is not subject to collateral attack via habeas petition. *See Archer*, 851 S.W.2d at 164. In addition, *Blakely* issues are not subject to retroactive application. *State v. Gomez,* 163 S.W.3d 632, 651 n.16 (Tenn. 2005). Accordingly, the petitioner's claim is not cognizable in a habeas proceeding and without merit.

We now address the petitioner's claim that his sentences are illegal and void because he was on bail from his aggravated assault conviction during the time he committed the two offenses of attempted first degree murder. Tennessee Code Annotated section 40-20-111(b) states in relevant part:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Also, Tennessee Rule of Criminal Procedure 32(c)(3)(C) provides:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: . . . to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses . . . .

In this case, *McLaney v. Bell* guides our analysis. In *McLaney*, the petitioner received concurrent sentences as part of a plea agreement. *McLaney*, 59 S.W.3d at 92. Years later, the petitioner filed a habeas petition alleging that his concurrent sentences were illegal and void because he was on bail for one felony when he committed two others, and such circumstances, according to

Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), mandated consecutive sentencing. *Id*. The supreme court held that if the petitioner's allegations were true, then his concurrent sentences would be in direct contravention of the law, and he would be entitled to habeas corpus relief. *Id*. at 95. The supreme court reversed and remanded the case for the appointment of counsel and a determination of whether the evidence of record constituted satisfactory proof of an illegal sentence. *Id*.

From review of the record, this case is similar to *McLaney*. Here, the petitioner produced some circumstantial evidence suggesting that he was out on bail from his aggravated assault charge at the time he committed the offenses of attempted first degree murder. Nonetheless, the habeas corpus court summarily dismissed the petitioner's claim without the benefit of counsel or a hearing. Therefore, it is our view that this case be remanded to the habeas corpus court for appointment of counsel and a hearing on the merits. If the petitioner's allegations are proven, then his sentences are void and the petitioner is entitled to habeas corpus relief. If the sentences are declared void, the habeas court should then transfer the matter to the convicting court for further proceedings in accordance with *McLaney*.[1]

_____

[1] While we are in accord with the dissent's observation that *Mclaney* clearly places the burden on the petitioner to introduce pertinent documents from the original conviction in order to collaterally attack his convictions and sentences, we are persuaded that the petitioner submitted all the pertinent documents available to him. In this case, the petitioner provided his prisoner offender sheet, the judgment form, the warrant, and his bail receipt as evidence to support his allegation that he was on bail from the aggravated assault charge at the time he committed the two offenses of attempted first degree murder. The petitioner also argued in his petition and brief that the dates of these documents support his claim that this assault charge was in fact the same aggravated assault charge which he was subsequently convicted of. Therefore, it is our determination that the petitioner submitted all pertinent documents from the original conviction as proof of his allegations. To determine otherwise, would ignore the proof the petitioner did submit and create an obscure, and perhaps insurmountable, burden of proof for any petitioner.

Also, it is noteworthy to consider the facts of *McLaney*. In *McLaney*, the petitioner apparently did not submit proof that he was, in fact, on bail during the commission of the subsequent offenses. *McLaney*, 59 S.W.3d at 94. However, our supreme court determined it was error for the habeas court to summarily dismiss the petition. *Id.* Our supreme court stated:

> The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been

(continued...)

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the judgment of the habeas corpus court, and we remand the case for the appointment of counsel and for an evidentiary hearing.

_____

J.C. McLIN, JUDGE

---

[1](...continued)
resolved on the merits. . . . Under these circumstances, the trial court erred in failing to consider the motion for appointment of counsel prior to dismissal of the case.

*Id.* (footnote omitted). The supreme court remanded the case to the habeas court for appointment of counsel and a determination of whether the petitioner was on bail when he committed the latter offenses. *Id.* at 95. The court stated that if the record of the underlying convictions showed the petitioner was on bail, "then the sentence is void and the habeas corpus court is mandated by statute to declare it so." *Id.* at 94. Accordingly, our decision in this case is guided by the precedent set forth in *Mclaney*.